944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
Mark IRBY, Defendant-Appellant.
 No. 90-5113.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 22, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-90-180)
 Albert Quitman Taylor, Jr., Taylor, Stephenson & Henry, Greenville, S.C., for appellant.
 Richard B. Stewart, Assistant Attorney General, E. Bart Daniel, United States Attorney, Clarence Davis, Assistant United States Attorney, Columbia, S.C., Edward John Shawaker, Peter Richard Steenland, Jr., United States Department of Justice, Washington, D.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mark Irby was convicted by a jury for six criminal violations of the Clean Water Act while he was plant manager of a wastewater treatment plant. He was sentenced to concurrent sentences of thirty-three months. On appeal, Irby challenges his sentence. Because the district court's findings of fact are not clearly erroneous and because the court correctly applied the sentencing guidelines to those facts, we affirm.
 
 
 2
 Irby asserts that the district court erred in increasing his offense level six levels under U.S.S.G. § 2Q1.3(b)(1)(A). That section states that "[i]f the offense resulted in an ongoing, continuous, or repetitive discharge, release, or emission of a pollutant into the environment, increase by 6 levels." Irby argues that the district court's finding that "raw untreated sewage" was released into the Reedy River was clearly erroneous and that there was no evidence that he caused damage to the environment.
 
 
 3
 The commentary to § 2Q1.3 states that "[s]ubsection (b)(1) assumes a discharge or emission into the environment resulting in actual environmental contamination." (emphasis added). The commentary continues that the extent of environmental damage relates to the extent of increase in offense level. Even if the government were required to prove damage to the environment, evidence was presented at trial that the sewage sludge discharges into the Reedy River which occurred under Irby's supervision caused environmental damage.
 
 
 4
 The Clean Water Act's definition of "pollutant" encompasses "sewage sludge ... discharged into water." 33 U.S.C. § 1362(6). The record shows that Irby ordered the discharge of approximately 500,000 gallons of partially treated sludge at least twice a week for two years. The district court found as fact that actions performed at Irby's direction allowed "sewage sludge from the waste sludge holding basin to be discharged virtually untreated into the Reedy River." In light of the huge quantities of pollutants discharged, that finding is not clearly erroneous, and the district court correctly applied U.S.S.G. § 2Q1.3 to the facts it found.
 
 
 5
 Irby asserts that the district court's two-level increase in offense level under U.S.S.G. § 3B1.1(c) was not warranted because the employee under his direction was not prosecuted for the offense. Under U.S.S.G. § 3B1.1(c), the offense level should be increased two levels if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity." The district court found that Irby "exercised decision-making authority and authority to direct other employees in the plant." The court also found that Irby supervised an employee whom he directed to bypass the sludge treatment system at night after hours. The testimony of that employee supports the court's finding. Thus, the court's finding of fact is not clearly erroneous. See United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3362 (U.S.1990).
 
 
 6
 Irby also contends that the district court erred in not allowing a two-point downward departure for acceptance of responsibility. Irby asserts in his brief that "he did not feel he had done anything wrong because no discharge damaged the environment." He maintains that "[h]e did accept responsibility for what he did," but since he "acted in what he thought was the best interest of the Sewer Authority, ... there was nothing to be remorseful for."
 
 
 7
 To receive reduction for acceptance of responsibility, a defendant must accept responsibility for all of his criminal conduct, United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990), and demonstrate by a preponderance of the evidence that he is entitled to the adjustment. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). The district court's determination that Irby did not accept responsibility for his criminal conduct is a factual finding reviewed under the clearly erroneous standard. United States v. Cusack, 901 F.2d 29 (4th Cir.1990).
 
 
 8
 The district court found as a matter of fact at sentencing that "there was absolutely no acceptance of responsibility in this case. No remorse whatsoever was shown by [Irby]." That finding is not clearly erroneous.
 
 
 9
 Finally, Irby alleges that the district court abused its discretion in sentencing him at the maximum permitted under the guidelines, thirty-three months. Irby does not dispute that the guidelines range for his offense is twenty-seven to thirty-three months. His general claim contains no allegation that the district court imposed a sentence in violation of law or that it applied the guidelines incorrectly. Giving due deference to the district court's sentence within the applicable guidelines range, we affirm the court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.